**AKERMAN LLP**
Kanika D. Corley (State Bar No. 223607)
*kanika.corley@akerman.com*
Jamel A.R. Greer (State Bar No. 342354)
*jamel.greer@akerman.com*
633 West Fifth Street, Suite 6400
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Plaintiff
RINGCENTRAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| RINGCENTRAL, INC., a Delaware corporation<br><br>Plaintiff,<br><br>v.<br><br>AMERISAVE MORTGAGE CORPORATION, a Georgia corporation, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 4:25-cv-08694-KAW<br><br>The Hon. Kandis A. Westmore<br><br>**ADMINISTRATIVE MOTION TO FILE UNDER SEAL MATERIALS SUBMITTED IN CONNECTION WITH COMPLAINT BY PLAINTIFF RINGCENTRAL, INC.**<br><br>Complaint Filed: 10/09/2025 |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff RingCentral, Inc. ("RingCentral") respectfully submits this Administrative Motion for an Order Permitting the Filing Under Seal Materials Submitted in Connection with the Complaint. This Administrative Motion is based upon this Memorandum of Points and Authorities, the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to the Court.

DATED: October 10, 2025				**AKERMAN LLP**

					By: */s/ Kanika D. Corley*
					    Kanika D. Corley
					    Jamel A.R. Greer
					    Attorneys for Plaintiff
					    RingCentral, Inc.

---

1

**PLAINTIFF RINGCENTRAL, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

RingCentral brings this Administrative Motion pursuant to Civil Local Rules 7-11 and 79-5 to file under seal two categories of information submitted with its Complaint: (1) confidential financial information contained within the Complaint and certain Exhibits ("Financial Materials"); and (2) personally identifiable information ("PII") contained within email communications in Exhibit 7. Compelling reasons exist to grant this Motion, as public disclosure of these materials would cause irreparable harm to RingCentral's competitive standing and privacy interests, while the public interest in access is minimal.

## II. LEGAL STANDARD

Pursuant to Civil Local Rules ("L.R.") 7-11(a), 79-5(c) and 79-5(e), a party may request leave to file documents under seal when the need to "keep certain judicial records secret" outweighs the "interests of the public" in having access to "public records and documents, including judicial records and documents." *DotStrategy Co. v. Meta Platforms, Inc*., No C 20-00170 WHA, 2021 WL 5978328, at *1 (N.D. Cal. 2021). A party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure, such as the "public interest in understanding the judicial process. *See, e.g., Pulse Electronics, Inc. v. U.D. Electronic Corp*., 530 F.Supp.3d 988, 998 (S.D.Cal., 2021).

## III. ARGUMENT

### A. The Information RingCentral Seeks to Seal is Narrowly Tailored to Protect the Public's Right of Access to Court Files

L.R. 79-5 requires, as a threshold, that a request to seal records is "narrowly tailored to seek sealing only of sealable material." L.R. 79-5(b). RingCentral seeks to seal only those portions of the Complaint and Exhibits that contain highly sensitive, nonpublic financial information—including deal terms, pricing structures, and internal strategies—or PII such as email addresses, phone numbers and account numbers. The proposed redactions are specific and precise, excluding only the minimum amount of information necessary to protect RingCentral's interests while leaving the remainder of the filings intact. A summary of the Financial Materials and PII sought to be sealed is as follows:

1

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

| Document | Location of Portions to Seal (Highlighted in Complaint and Exhibits) | Reasons for Sealing |
|---|---|---|
| Exhibit A (Complaint) | 4:17, 4:18, 4:20, 6:8, 6:9, 6:10, 7:23, 7:25, 7:27, 8:22, 8:23, 8:25, 10:10, 10:15, 10:20 | Confidential financial info: deal terms, pricing, strategies |
| Exhibit B (Exhibit 2 to the Complaint) | - Page 2, figures under the columns entitled "Rate"; <br> - Page 2, figures under the column entitled "Monthly Subtotal"; <br> - Page 2, figures under the column entitled "One-time Subtotal"; <br> - Page 2, figure following "New Service Amount"; <br> - Page 2, figure following "Total Initial Amount"; <br> - Page 2, figures under the heading "Rate"; <br> - Page 3, the six full paragraphs on the page; <br> - Pages 3-4, text following the heading beginning "4)" | Confidential financial info |
| Exhibit C (Exhibit 3 to the Complaint) | - Page 1, figure at "Labor Cost"; <br> - Pages 1-2, figures under the heading "Value" | Confidential financial info |
| Exhibit D (Exhibit 5 to the Complaint) | - Page 2, figures under the headings "Qty", "Rate", "Monthly Subtotal", "One-time Subtotal", "New Service Amount" and "Total Initial Amount"; <br> - Page 3, content listed between "a.)" through "l."; <br> - Page 4, the three full paragraphs that appear on the page; <br> - Page 5, the paragraph following the title "Credit:" | Confidential financial info |
| Exhibit E (Exhibit 6 | - Page 1, figure at "Labor Cost"; <br> - Page 8, figure under heading "Up to # of Users"; <br> - Page 8, figure under heading "Number of Users"; | Confidential financial info |

**PLAINTIFF RINGCENTRAL, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

| to the Complaint) | - Page 8, figure under "Rate per Site" | |
|---|---|---|
| Exhibit F (Exhibit 7 to the Complaint) | - Pages 1 and 2, email addresses following "From" and "To";<br>- Page 2, account number;<br>- Page 3, phone numbers and email address | Personally identifiable information |

A full description of the highlighted portions of the Complaint and Exhibits is included in the corresponding Declaration of Kanika D. Corley ("Corley Decl."), at ¶ 3.

### B. The Proposed Redactions are the Least Restrictive Means to Protect RingCentral's Business Interests and Maintain Public Access to Judicial Records.

Since the underlying dispute centers on contractual obligations, including specific figures and deal terms, RingCentral must rely on these materials to advance its claims. There is no less restrictive means to protect RingCentral's business interests than the proposed targeted redactions.

### C. Compelling Reasons Exist Here that Justify Sealing The Financial Materials and PII as Sources of Business Information that Will Result in Irreparable Harm to RingCentral's Competitive Standing.

Confidential business information in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" can be "compelling reasons" to prevent competitors from leveraging this information to harm the designating parties in future negotiations. *See Exeltis USA Inc. v. First Databank, Inc.,* No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. 2020).

Here, the Financial Materials and PII identified herein fall squarely within the purview of confidential business information. In order to properly advocate its position in this mater, RingCentral is required to reveal the Financial Materials and PII in order to substantiate its claims that Defendant breached its contractual obligations to RingCentral. If the Financial Materials and PII are filed publicly, RingCentral's competitors and future customers would be able to utilize the private and highly confidential information contained therein to assert a competitive advantage against

**PLAINTIFF RINGCENTRAL, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

RingCentral, such as during negotiations with and against RingCentral. Corley Decl. ¶ 3. (*See Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1225 (C.A.Fed. (Cal.), 2013) (holding that it seems clear that if Apple's and Samsung's suppliers have access to their profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components.) Indeed, if such information is disclosed to the public, the result will be irreparable harm to RingCentral's present and future business prospects, underscoring the substantial interest that RingCentral has in keeping the Financial Materials secret.

Courts have consistently found that such financial information met the compelling reasons standard such that a grant to seal records (or portions thereof) was warranted. (*See FTC v. Qualcomm Inc.*, No. 17-CV-220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (granting motion to seal under the compelling to the extent it may harm the party or third parties' "competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets.")); (*See also Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011) (finding information regarding a party's "long-term financial projections, discussions of business strategy, and competitive analyses" sealable under the compelling reasons standard); (*See also Transperfect Global, Inc. v. Motionpoint Corp.*, No. C 10-2590 CW, 2013 WL 209678, at *1 (N.D. Cal. Jan. 17, 2013) (granting motion to seal exhibits that contained proprietary information about the sealing party's internal business operations).

Similar to the Financial Materials, courts have found that PII also meets the compelling reasons standard. (*See Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft."); (*See also Benedict v. Hewlett-Packard Co.,* No. 13-CV-00119-LHK, 22014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014) (granting motion to seal confidential customer information, including address, phone number, and email address). It follows that RingCentral has established compelling reasons to seal the Financial Materials and PII included in portions of the Complaint and corresponding Exhibits.

### D. RingCentral's Interest in Sealing Certain Portions of the Complaint and Exhibits Outweighs the Public Interest in Having Access to this Information.

RingCentral's interest in keeping the Financial Materials and PII under seal significantly outweighs the public's interest in the disclosure of the aforementioned information. A party seeking to seal a judicial record then must "articulate compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure, such as the "public interest in understanding the judicial process," *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). The public's interest in access to the Financial Materials and PII is minimal here, as this dispute is between private parties and concerns confidential business information that does not impact the public. In contrast, and as noted above, RingCentral faces significant and irreparable harm if the information is disclosed.

## IV. CONCLUSION

In light of the foregoing, Plaintiff respectfully requests that this Court permit Plaintiff to file the Financial Materials and PII of Plaintiffs' proposed Complaint and corresponding Exhibits under seal.

DATED: October 10, 2025        **AKERMAN LLP**

By: */s/ Kanika D. Corley*
    Kanika D. Corley
    Jamel A.R. Greer
    Attorneys for Plaintiff
    RINGCENTRAL, INC.