**AKERMAN LLP**
Kanika D. Corley (State Bar No. 223607)
kanika.corley@akerman.com
Jamel A.R. Greer (State Bar No. #342354)
jamel.greer@akerman.com
633 West Fifth Street, Suite 6400
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Plaintiff and Counter Defendant,
RINGCENTRAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| RINGCENTRAL, INC., a Delaware corporation,<br><br>     Plaintiff and Counter Defendant,<br><br>v.<br><br>AMERISAVE MORTGAGE CORPORATION, a Georgia corporation, and DOES 1-10, inclusive,<br><br>     Defendant and Counter Claimant. | CASE NO. 4:25-cv-08694-WHO<br><br>Assigned to the Hon. Judge William H. Orrick<br><br>[*Fed.R.Civ.P.* 12(b)(6)]<br><br>**PLAINTIFF AND COUNTER DEFENDANT RINGCENTRAL, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIM BY AMERISAVE MORTGAGE CORPORATION**<br><br>Date:     January 7, 2026<br>Time:     2:00 P.M.<br>Courtroom: 2<br><br>Complaint filed: October 9, 2025 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**PLEASE TAKE NOTICE THAT** on **January 7, 2026** at **2:00 p.m.** via Zoom videoconference, before the Honorable Judge Orrick, who presides from Courtroom 2-17th Floor 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff and Counter Defendant RingCentral, Inc. ("RingCentral") will and do move under Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the Counterclaim filed by AmeriSave Mortgage Corporation ("AmeriSave"), with prejudice, because the First Count (Fraudulent Misrepresentation), Second Count (Negligent Misrepresentation) and Third Count (Fraud in the Inducement) are barred by the applicable statutes of limitation and each Count fails to state a claim upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion; the attached memorandum of points and authorities; all the pleadings, records, and papers on file with the Court; and any other evidence or argument presented before or during the hearing.

DATED: November 25, 2025                **AKERMAN LLP**

                                        By: /s/ *Kanika D. Corley*
                                        Kanika D. Corley
                                        Jamel A.R. Greer
                                        Attorneys for Plaintiff and Counter
                                        Defendant RINGCENTRAL, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF ALLEGATIONS AND STATEMENT OF ISSUES

AmeriSave's Counterclaim alleges that, in early 2021, AmeriSave and RingCentral entered into discussions regarding the development of a custom, cloud-based communication platform for AmeriSave's business, which relies heavily on telephony solutions. [Counterclaim, ¶¶ 10-11] During meetings in March and April 2021, RingCentral allegedly represented that it could deliver such a system within two months and did not disclose any fundamental limitations in its product. [Counterclaim, ¶¶ 12-15] Relying on these representations, AmeriSave entered into a Master Services Agreement ("MSA") with RingCentral in April 2021. [Counterclaim, ¶ 18.] Then,

> on October 20, 2021, RingCentral's Senior Manager of Professional Services, Stewart Goldfarb, stated that RingCentral "couldn't deliver the calls at a pace necessary to achieve AmeriSave's business objectives," noting that the implementation RingCentral had originally promised was not able to be implemented due to a "fundamental limitation."

[Counterclaim, ¶ 22] Thereafter, "[b]ecause RingCentral was not capable of delivering on its obligations under the Parties' MSA, AmeriSave was forced to return to its original telephony system." [Counterclaim, ¶ 24.]

At paragraphs 26, 35 and 43, AmeriSave incorporates the above factual predicate into each Count. Thereafter, AmeriSave reiterates similar allegations into each Count before concluding entitlement to "compensatory damages, consequential damages, punitive damages and attorney fees." [Counterclaim, ¶¶ 34, 42, 49.]

RingCentral moves to dismiss AmeriSave's Counterclaim in its entirety because: (1) each Count is barred by the applicable statutes of limitations; and (2) AmeriSave fails to allege facts sufficient to satisfy Rule 9(b)'s heightened pleading standard for fraud.

## II. LEGAL STANDARD

On a Rule 12(b)(6) motion, the court must take all material factual allegations as true. *William O. Gilley Enters. v. Atl. Richfield Co.*, 588 F.3d 659, 662 (9th Cir. 2009).

The court need not, however, assume the truth of "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The alleged facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A plaintiff must plead facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 663. Conclusory statements, unlike proper factual allegations, are not entitled to a presumption of truth. *Id*. at 681.

Courts should dismiss a complaint if it "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Ballinger v. City of Oakland*, 24 F.4th 1287, 1292 (9th Cir. 2022), cert. denied, 142 S. Ct. 2777 (2022). Courts should also dismiss any claim that is barred by its applicable statute of limitations where the running of the statute can be determined from the pleading. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

While leave to amend is generally liberally granted, courts should dismiss with prejudice any claims that are invalid as a matter of law. *Kyle Rys., Inc. v. Pac. Admin. Servs., Inc*., 990 F.2d 513, 518 (9th Cir. 1993). The Court should also deny leave to amend when the pleadings reveal amendment would be futile. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

### III.    AMERISAVE'S COUNTERCLAIMS SHOULD BE DISMISSED

#### A.    The Counterclaim Is Barred by the Statute of Limitations

Fraudulent misrepresentation and fraud in the inducement are subject to a three-year statute of limitations under California *Code of Civil Procedure* § 338(d), while negligent misrepresentation is generally subject to a two-year statute of limitations under *Code of Civil Procedure* § 339(1). (*But see, Cammarata v. Kelly Capital, LLC,* 339 F.Supp.3d 1033 (2018), *citing Fanucci v. Allstate Ins. Co.,* 638 F.Supp.2d 1125, 1133 n.5 (N.D. Cal. 2009) for the prospect that in California, a negligent

///

AKERMAN LLP
633 West Fifth Street, Suite 6400
Los Angeles, California 90071
Tel.: (213) 688-9500 – Fax: (213) 627-6342

misrepresentation claim has either a two- or three-year statute of limitations depending on the nature of the claim and the agreement of the parties.

The Counterclaim alleges that in early 2021, AmeriSave and RingCentral discussed developing a custom, cloud-based communication platform for AmeriSave's telephony-dependent business. [Counterclaim ¶¶ 10–11.] AmeriSave asserts that during pre-MSA meetings, RingCentral represented it could deliver such a system within two months and failed to disclose any fundamental limitations. [Counterclaim ¶¶ 12–15.] Relying on these representations, AmeriSave executed the MSA in April 2021. [Counterclaim ¶ 18.] AmeriSave further claims the MSA required full performance within two months. [Counterclaim ¶¶ 15–16, 19.] According to AmeriSave, RingCentral did not deliver as promised and was unable to implement the system due to a "fundamental limitation." [Counterclaim ¶¶ 19, 22.]

By AmeriSave's own allegations, it was aware of the facts underlying its three claims no later than October 20, 2021—when RingCentral's Senior Manager allegedly confirmed the inability to deliver due to a "fundamental limitation." [Counterclaim ¶ 22.] In fact, AmeriSave concedes that by June 27, 2021—two months after entering the MSA—it knew RingCentral had missed the delivery deadline. [Counterclaim ¶ 19.] AmeriSave also alleges that by October 2021, it incurred significant costs to troubleshoot RingCentral's "erratic and incomplete implementation." [Counterclaim ¶ 21.] Ultimately, AmeriSave reverted to its original telephony system because RingCentral could not perform. [Counterclaim ¶ 24.]

Under California law, a claim accrues—and the statute of limitations begins to run—when "the cause of action is complete with all of its elements." *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920 (Cal. 2005) (internal quotation marks omitted). Similarly, "[a] federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Tidmarsh v. Nye Cty.*, 754 F. App'x 642 (9th Cir. 2019).

/ / /

3
**MOTION TO DISMISS COUNTERCLAIM**

Despite the timeline of events giving rise to AmeriSave's claims for relief, AmeriSave did not file its Counterclaim until November 2025—over four years after the facts giving rise to its claims—well beyond the two and three-year limitations periods that apply. The Counterclaim alleges no facts supporting delayed discovery or tolling. The Counterclaim is time-barred and must be dismissed in its entirety.

### B. AmeriSave Fails to Plead Fraud with Particularity

The Ninth Circuit has long held that Rule 9(b)'s heightened pleading standard applies to state-law claims sounding in fraud, including AmeriSave's First and Third Counts. *Vass v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) ("Rule 9(b)'s particularity requirement applies to state-law causes of action."). California law imposes a similar requirement: fraud must be pled specifically, not through "general and conclusory allegations." *Lazar v. Superior Ct.*, 12 Cal. 4th 631, 645 (1996) (quoting *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991)). A plaintiff must allege "the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Id.* AmeriSave does not meet this standard.

Rule 9(b) requires pleading the "who, what, when, where, and how" of the alleged fraud. AmeriSave's Counterclaim fails to allege with specificity:

1. The exact statements made;
2. Who made them and their authority;
3. When and where they were made; and
4. How they were false when made.

Instead, AmeriSave relies on vague assertions that RingCentral represented it could deliver a system within two months, without identifying any specific misrepresentation that was false at the time. [Counterclaim ¶¶ 15, 19.]

To state a claim for fraudulent misrepresentation or fraud in the inducement, AmeriSave must allege facts showing: (1) representation; (2) falsity; (3) knowledge of falsity; (4) intent to deceive; (5) reliance and resulting damage. *Lesperance v. N. Am.*

4
**MOTION TO DISMISS COUNTERCLAIM**

*Aviation, Inc.*, 217 Cal. App. 2d 336, 345 (1963). AmeriSave fails on multiple elements. It does not identify any representation that was false when made, nor does it allege facts showing RingCentral intended to deceive. AmeriSave's own allegations undermine its theory: by October 2021, AmeriSave admits it knew of the "fundamental limitation," yet it waited four years to assert fraud. Conclusory statements cannot satisfy Rule 9(b).

### C. Negligent Misrepresentation Also Fails

The Count for negligent misrepresentation also fails for lack of the essential element demonstrating a misrepresentation made "without reasonable grounds for believing it true." *Roohipour, M.D., Inc. v. Blue Cross Blue Shield of Illinois*, 2021 WL 5104383, at 5 (N.D. Cal. 2021). AmeriSave alleges only that "RingCentral had no reason to believe that it could not create a custom, cloud-based communication platform system within a two-month timeframe." [Counterclaim ¶ 37.] This allegation is self-defeating: asserting RingCentral had no reason to doubt its ability suggests its belief was reasonable. At most, AmeriSave alleges an opinion, not a lack of reasonable grounds. The claim therefore fails as a matter of law.

The three counts based in fraud and negligent misrepresentation require more than alleging breach of contract. AmeriSave must plead that RingCentral lacked intent to perform when the promise was made. *Conrad v. Bank of America*, 45 Cal. App. 4th 133, 157 (1996); *Vigdor v. Super Lucky Casino, Inc.*, No. 16-cv-05326, 2017 WL 2729869 (N.D. Cal. 2017). AmeriSave does not allege such intent. To the contrary, the Counterclaim acknowledges RingCentral attempted performance and proposed timeline extensions. [Counterclaim ¶¶ 19–21, 23.] These facts negate fraudulent intent.

Since AmeriSave merely recites some but not all fraud elements, and do so without supporting detail, its fraud-based claims fail under Rule 9(b) and California law. Counts I, II, and III should be dismissed.

### D. Each Tort Is Barred by the Economic Loss Rule

AmeriSave's three Counts repackage the contract dispute identified in the Complaint and seek purely economic expectancy damages. Under the economic loss

rule, "a contracting party must recover in contract for purely economic loss due to disappointed expectations, unless the party can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). As reaffirmed in *Rattagan v. Uber Techs., Inc.*, 17 Cal. 5th 1, 13 (2024), the types of torts alleged in the Counterclaim are barred where they do not allege an independent duty or damages beyond contractual expectations. AmeriSave alleges neither; thus, each Count is barred by the economic loss rule and is ripe for dismissal.

### E. Leave to Amend Would Be Futile and Should be Denied

Although leave to amend is generally granted liberally, courts need not permit amendment where it would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Dismissal without leave to amend is appropriate when "it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Capital*, 316 F.3d at 1052.

Here, amendment would be futile for multiple reasons. AmeriSave's claims are time-barred, fail to satisfy Rule 9(b)'s heightened pleading standard, and do not allege the essential elements required to state a claim. The Counterclaim itself demonstrates an inability to plead facts that could cure these fundamental deficiencies. AmeriSave cannot transform conclusory allegations into actionable claims through amendment.

Accordingly, because no amendment could salvage these claims, dismissal should be with prejudice.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

For the foregoing reasons, RingCentral respectfully requests that the Court dismiss AmeriSave's Counterclaim in its entirety, without leave to amend.

DATED: November 25, 2025  AKERMAN LLP

By: /s/ *Kanika D. Corley*
Kanika D. Corley
Jamel A.R. Greer
Attorneys for Plaintiff and Counter Defendant RINGCENTRAL, INC.