**AKERMAN LLP**
Kanika D. Corley (State Bar No. 223607)
*kanika.corley@akerman.com*
Jamel A.R. Greer (State Bar No. No. 342354)
*jamel.greer@akerman.com*
633 West Fifth Street, Suite 6400
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Kristen H. McMullen (Admitted *Pro Hac Vice*)
*kristen.mcmullen@akerman.com*
777 South Flagler Drive, Suite 1100 West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Facsimile: (561) 659-6313

Attorneys for Plaintiff and Counter-Defendant
RINGCENTRAL, INC.

*Left margin (vertical):* AKERMAN LLP — 633 WEST FIFTH STREET, SUITE 6400 LOS ANGELES, CALIFORNIA 90071 TEL.: (213) 688-9500 – FAX (213) 627-6342

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| RINGCENTRAL, INC., a Delaware corporation<br><br>Plaintiff,<br><br>v.<br><br>AMERISAVE MORTGAGE CORPORATION, a Georgia corporation, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 4:25-cv-08694-WHO<br><br>Assigned to the Hon. Judge William H. Orrick.<br><br>**PLAINTIFF AND COUNTER-DEFENDANT RINGCENTRAL, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COUNTERCLAIM BY AMERISAVE MORTGAGE CORPORATION**<br><br>**[FED. R. CIV. P. 9(B), 12(B)(6)]**<br><br>Date:    March 25, 2026<br>Time:    2:00 p.m.<br>Courtroom:  2<br><br>Complaint File: October 9, 2025 |

**TO THE COURT, ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on March 25, 2026, at 2:00 p.m., or as soon thereafter as the matter may be heard via Zoom, in Courtroom 2 of the above captioned Court, Plaintiff and Counter-Defendant RingCentral, Inc. ("RingCentral") will and hereby does move, pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 9(b) and 12(b)(6), to dismiss in its entirety the Amended Counterclaim filed by Defendant and Counterclaimant AmeriSave Mortgage Corporation ("AmeriSave"). The Amended Counterclaim is barred by the statute of limitations, fails to satisfy Fed. R. Civ. P. 9(b), is precluded by the economic loss rule, is foreclosed by the Master Service Agreement's integration clause, and impermissibly contradicts AmeriSave's prior binding allegations. Dismissal should be with prejudice because amendment would be futile.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file, and any argument presented at hearing.

DATED: February 10, 2026       **AKERMAN LLP**

By: /s/ Kanika D. Corley
       Kanika D. Corley
       Kristen H. McMullen
       Jamel A.R. Greer
       Attorneys for Plaintiff and Counter-Defendant
       RINGCENTRAL, INC

# TABLE OF CONTENTS

Page

I.    STATEMENT OF ISSUES (Civil L.R. 7-4(a)(3)) ...................................... 1

II.   INTRODUCTION AND PERTINENT ALLEGATIONS ................................. 1

III.  ARGUMENT.................................................................................................. 3

      A.    Fed. R. Civ. P. 15 and Judicial Admissions Bar the Amended
            Theory ............................................................................................... 3

      B.    Statute of Limitations Bars All Claims ...................................... 4

            1.    Fraud-Based Claims Are Time-Barred. ........................... 7

            2.    Contract and Estoppel Claims Are Time-Barred. .......... 7

      C.    Failure to State a Claim Under Fed. R. Civ. P. 9(b) and 12(b)(6) ............ 7

            1.    Fed. R. Civ. P. Rule 9(b): The Amended Pleading Still Fails. ........ 7

            2.    Structural Defect Still Exists. .......................................... 8

            3.    The Alleged October 20 Disclosure Undermines Fraud Claims. ..... 9

            4.    Fraud in the Inducement and Negligent Misrepresentation Fail to
                  Meet the Federal Pleading Standards. ............................. 9

            5.    Breach of Contract and Promissory Estoppel Are Unavailable .... 10

      D.    Economic Loss Rule Bars All Tort Claims............................... 12

      E.    The MSA's Integration Clause Bars Extra-Contractual Reliance ........... 13

IV.   CONCLUSION ............................................................................................ 15

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**Cases**

*Al-Ahmed v. Twitter, Inc.*,
    648 F.Supp.3d 1140 (N.D. Cal. 2023) ...................................................................................4

*American Title Ins. Co. v. Lacelaw Corp.*,
    861 F.2d 224 (9th Cir. 1988) .............................................................................................3

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .........................................................................................................11

*Beasley v. Lucky Stores, Inc.*,
    400 F.Supp.3d 942 (N.D. Cal. 2019) ..........................................................................2, 4, 8

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .........................................................................................................11

*Bettles v. Toyota Motor Corporation*,
    645 F.Supp.3d 978 (C.D. Cal. 2022) .................................................................................5

*Clemens v. DaimlerChrysler Corp.*,
    534 F.3d 1017 (0th Cir. 2008) ...........................................................................................6

*Depot, Inc. v. Caring for Montanans, Inc.*,
    915 F.3d 643 (9th Cir. 2019) .............................................................................................8

*Durell v. Sharp Healthcare*,
    183 Cal. App. 4th 1350 (2010) ..........................................................................................9

*Eidson v. Medtronic, Inc.*,
    981 F.Supp.2d 868 (N.D. Cal. 2013) .................................................................................4

*Errico v. Pacific Capital Bank, N.A.*,
    753 F.Supp.2d 1034 (N.D. Cal. 2010) .............................................................................10

*Folb v. Motion Picture Industry Pension & Health Plans*,
    16 F.Supp.2d 1164 (C.D. Cal. 1998) .................................................................................6

*Fox v. Ethicon Endo-Surgery, Inc.*,
    35 Cal.4th 797 (2005) ....................................................................................................2, 4

*Golden Gate Way, LLC v. Enercon Services, Inc.*,
    572 F.Supp.3d 797 (N.D. Cal. 2021) ...............................................................................10

*Granadino v. Wells Fargo Bank, N.A.*,
    236 Cal.App.4th 411 (2015) ............................................................................................11

*Grey v. American Mgmt. Servs.*,
  204 Cal. App. 4th 803 (2012) ................................................13, 14, 15

*Harvey v. Bank of America, N.A.*,
  906 F.Supp.2d 982 (N.D. Cal. 2012) ................................................10

*Hinesley v. Oakshade Town Ctr.*,
  135 Cal. App. 4th 289 (2005) ................................................9, 14

*Hodsdon v. Mars, Inc.*,
  891 F.3d 857 (9th Cir. 2018) ................................................9

*Javier v. Assurance IQ, LLC*,
  649 F.Supp.3d 891 (N.D. Cal. 2023) ................................................4

*JMP Securities LLP v. Altair Nanotechnologies Inc.*,
  880 F.Supp.2d 1029 (N.D. Cal. 2012) ................................................12

*Jolly v Eli Lilly & Co.*,
  44 Cal.3d 1103 (1988) ................................................5

*Julius Castle Restaurant, Inc. v. Payne*,
  216 Cal. App. 4th 1423 (2013) ................................................15

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ................................................8

*NJOY, LLC v. Imiracle (HK) Ltd.*,
  760 F.Supp.3d 1084 (S.D. Cal. 2024) ................................................8

*Noll v. eBay, Inc.*,
  282 F.R.D. 462 (N.D. Cal. 2012) ................................................8

*Parino v. BidRack, Inc.*,
  838 F.Supp.2d 900 (N.D. Cal. 2011) ................................................10

*Pemberton v. Nationstar Mortgage LLC*,
  331 F.Supp.3d 1018 (S.D. Cal. 2018) ................................................11

*Rattagan v. Uber Techs., Inc.*,
  17 Cal. 5th 1 (2024) ................................................12

*Reddy v. Litton Industries, Inc.*,
  912 F.2d 291 (9th Cir. 1990) ................................................3

*Robinson Helicopter Co. v. Dana Corp.*,
  34 Cal. 4th 979 (2004) ................................................12

*Rotella v. Wood*,
  528 U.S. 549 (2000) ................................................5

*Rouse v. Lee,*
    339 F.3d 238 (4th Cir. 2003) ...................................................................................6

*Rustico v. Intuitive Surgical, Inc.,*
    424 F.Supp.3d 720 (N.D. Cal. 2019) ...................................................................5, 6

*State of California ex rel. Metz v. CCC Information Services, Inc.,*
    149 Cal.App.4th 402 (2007) ................................................................................7

*Steckman v. Hart Brewing Inc.,*
    143 F.3d 1293 (9th Cir. 1998) ............................................................................11

*United States v. Sosa,*
    364 F.3d 507 (4th Cir. 2004) ................................................................................6

*Vess v. Ciba Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003) ..............................................................................7

*Wilson v. Hewlett Packard Co.,*
    668 F.3d 1136 (9th Cir. 2012) ..............................................................................9

*World Health and Educ. Foundation v. Carolina Cas. Ins. Co.,*
    612 F.Supp.2d 1089 (N.D. Cal. 2009) ...............................................................15

*Yamauchi v. Cotterman,*
    84 F.Supp.3d 993 (N.D. Cal. 2015) ......................................................................4

**Statutes**

California Evidence Code § 1119 ...................................................................................6

Civil Local Rule 7-4(a)(3) ............................................................................................1

California Code of Civil Procedure §337(a) .................................................................7

California Code of Civil Procedure §338(d) .................................................................7

California Code of Civil Procedure §339(1) .................................................................7

**Rules**

Federal Rule of Civil Procedure 8 ..............................................................................11

Federal Rule of Civil Procedure 9(b) .................................................................. passim

Federal Rule of Civil Procedure 12 ......................................................................2, 4, 7

Federal Rule of Civil Procedure 15 ..................................................................1, 2, 3, 4

Federal Rule of Evidence 404 ......................................................................................5

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**MOTION TO DISMISS AMENDED COUNTERCLAIM**

Federal Rule of Evidence 408 ...................................................................................6

**Other Authorities**

CACI 1901 ............................................................................................................9

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     STATEMENT OF ISSUES (Civil L.R. 7-4(a)(3))**

1. Whether AmeriSave's claims are barred by the statute of limitations, where its own pleadings admit RingCentral disclosed the alleged "fundamental limitation" on October 20, 2021, and AmeriSave immediately reverted to its prior system. (Amended Counterclaims ("Am. Countercl.") ¶¶ 24, 33–34.)

2. Whether AmeriSave may invoke delayed discovery by alleging it first "discovered" fraud in 2023 despite admitting knowledge of both alleged injury and its purported cause in 2021.

3. Whether AmeriSave's Amended Counterclaim impermissibly contradicts its prior judicial admissions, in violation of Fed. R. Civ. P. 15, by asserting a new narrative inconsistent with facts it previously pleaded. Specifically, AmeriSave's Amended Counterclaim contradicts its original Counterclaim's admissions regarding the timing of knowledge and injury. The Amended Counterclaim now alleges "discovery" of alleged fraud in 2023, but the original Counterclaim and the Amended Counterclaim both admit that RingCentral disclosed the "fundamental limitation" on October 20, 2021, and AmeriSave immediately reverted to its prior system.

4. Whether AmeriSave states any fraud based claim with sufficient particularity under Fed. R. Civ. P. 9(b), where it identifies no specific false statement, speaker, timing, or contemporaneous falsity.

5. Whether the economic loss doctrine bars AmeriSave's tort claims, which seek only disappointed contractual expectations.

6. Whether AmeriSave may base claims on pre contract "representations," "demonstrations," or marketing statements expressly superseded by the MSA's integration clause.

**II.    INTRODUCTION AND PERTINENT ALLEGATIONS**

The Amended Counterclaim fails and should be dismissed with prejudice.

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AmeriSave alleges pre-Master Services Agreement discussions in March–April 2021 and an executed April 2021 Master Services Agreement ("MSA"). AmeriSave further alleges that on October 20, 2021, RingCentral disclosed a "fundamental limitation" preventing the required call pace agreed expected from the MSA, resulting in AmeriSave reverting back to its prior telephony system – walking away from the MSA, shortly thereafter. The Amended Counterclaim adds names of certain RingCentral personnel and, for the first time, asserts AmeriSave did not "discover" a basis for civil liability until 2023. (Am. Countercl. ¶¶ 24, 33–34, 18, 31–32, 43, 54, 65.) AmeriSave's new allegation that it did not "discover" a basis for tort and contract liability until 2023 contradicts its earlier judicial admissions that RingCentral disclosed the alleged "fundamental limitation" on October 20, 2021, which served as the catalyst for AmeriSave to promptly revert to its prior system. (Am. Countercl. ¶¶ 24, 33–34.) The 2021 disclosure and actions taken in response undermine the purported two year delay in AmeriSave "discovering" in 2023 the basis for tort and contract-related liability. *See, Beasley v. Lucky Stores, Inc.*, 400 F.Supp.3d 942, 958-959 (N.D. Cal. 2019), *and*, *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 808 (2005). All claims are time-barred.

Furthermore, Fed. R. Civ. P. 15 independently bars AmeriSave's amended theory because it directly contradicts AmeriSave's prior binding admissions regarding when it learned of RingCentral's alleged inability to deliver.[1]

---

[1]

| Issue | Original Counterclaim (Court Doc. 15) | Amended Counterclaim (Court Doc. 39) |
|---|---|---|
| Knowledge of limitation | Oct. 20, 2021 disclosure of a 'fundamental limitation' by RingCentral; AmeriSave told it could not deliver necessary call pace. (¶ 22) | Same October 20, 2021 disclosure alleged. (¶ 24) |
| System abandonment | AmeriSave reverted to its prior telephony system shortly thereafter. (¶ 24) | AmeriSave alleges return to prior system and continued costs. (¶¶ 33–34) |
| When alleged fraud discovered | No delayed discovery allegation; facts show knowledge by Oct. 2021. | Newly claims discovery in 2023 during mediation prep; asserts concealment notwithstanding 2021 |

**MOTION TO DISMISS AMENDED COUNTERCLAIM**

Even if the claims were timely, each fails independently under Fed. R. Civ. P. 9(b) and 12(b)(6); AmeriSave does not plead fraud with particularity, seeks only contract expectancy damages barred by the economic loss rule and relies on pre-contract sales statements expressly superseded by the Master Service Agreement's integration clause. Dismissal with prejudice is warranted.

## III. ARGUMENT

### A. Fed. R. Civ. P. 15 and Judicial Admissions Bar the Amended Theory

AmeriSave's amendment serves as an impermissible contradiction under Fed. R. Civ. P. 15. (*See,* FN 1, *supra*.) The Amended Counterclaim does not clarify or supplement its original allegations – it repudiates them.

AmeriSave's effort to sustain its untimely Counterclaim filed in response to RingCentral's Complaint (Court Doc. 1), is legally untenable because the delayed discovery rule turns on when a claimant has reason to suspect wrongdoing—not when it later chooses to label the same conduct as "fraud" and/or claims arising from contract. (*See,* Section III.B., *infra*.) The Amended Counterclaim now alleges "discovery" of fraud in 2023, but the original Counterclaim and the Amended Counterclaim both admit that RingCentral disclosed the alleged "fundamental limitation" on October 20, 2021, and AmeriSave immediately reverted to its prior system. (Am. Countercl. ¶¶ 24, 33–34.) Under controlling California law, the 2021 knowledge triggered "inquiry notice" as a matter of law, which forecloses AmeriSave from asserting that it "did not discover" wrongdoing until 2023.

The Ninth Circuit forbids claimants from contradicting prior pleadings to manufacture timeliness. *Reddy v. Litton Industries, Inc.,* 912 F.2d 291, 296 (9th Cir. 1990) (affirming denial of leave to amend where proposed amendment would be inconsistent with prior complaint). The Court should disregard the contradictory allegations, treat the original admissions as binding, and dismiss with prejudice. (*See* Footnote 1, *supra*.) "Factual assertions in pleadings … are considered judicial admissions" and are conclusively binding unless properly withdrawn or amended. *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988).

| | | disclosure. (¶¶ 18, 31–32, 43, 54, 65) |
|---|---|---|

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

To the extent AmeriSave's amendments conflict with the MSA, contemporaneous communications, or its own prior pleadings, those contradictions do not save the claims at Fed. R. Civ. P. 12. AmeriSave cannot contradict its earlier factual theory to avoid dismissal. The Ninth Circuit's Rule 15 and judicial admission doctrines bar that tactic.

The Amended Counterclaim remains time barred, fails Fed. R. Civ. P. 9(b), seeks only economic losses barred by law, contradicts prior admissions, and depends on reliance expressly foreclosed by the MSA. Amendment was therefore futile and undertaken in an effort to plead around dispositive facts. RingCentral requests this Court disregard the new "delayed discovery" allegations as sham and treat the original admissions as binding. Dismissal with prejudice is warranted.

## B.    Statute of Limitations Bars All Claims

To invoke delayed discovery, a claimant must plead specific facts showing (1) the time and manner of discovery and (2) the inability to discover earlier despite reasonable diligence. Conclusory allegations do not suffice. *Beasley, supra,* 400 F.Supp.3d 958-959, *Yamauchi v. Cotterman*, 84 F.Supp.3d 993, 1011 (N.D. Cal. 2015). The Northern District has consistently applied this two-part test, emphasizing that plaintiffs bear "the burden on the plaintiff to show diligence; conclusory allegations will not withstand" a motion to dismiss (*Beasley,* 400 F.Supp.3d 942). "Formal averments or general conclusions to the effect that the facts were not discovered until a stated date, and that plaintiff could not reasonably have made an earlier discovery, are useless" (*Al-Ahmed v. Twitter, Inc*., 648 F.Supp.3d 1140, 1156 (N.D. Cal. 2023), *citing, Chione v. Medtronic, Inc*., No. 14-CV-01043-BAS RBB, 2015 WL 2151889, at *4 (S.D. Cal. May 7, 2015), *quoting Anderson v. Brouwer*, 99 Cal. App. 3d 176, 182 (1979)); *and see Eidson v. Medtronic, Inc.*, 981 F.Supp.2d 868, 892-894 (N.D. Cal. 2013)). The Northern District has dismissed claims where plaintiffs failed to allege specific facts about their diligence, finding that mere assertions of inability to discover are insufficient (*Javier v. Assurance IQ, LLC*, 649 F.Supp.3d 891, 901-903 (N.D. Cal. 2023). Plaintiffs must plead facts showing they lacked "information of circumstances to put a reasonable person on inquiry" during the limitations period (*Fox v. Ethicon Endo-Surgery, Inc*., 35 Cal.4th 797, 808 (2005)).

/ / /

/ / /

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

As it did in the original Counterclaim, AmeriSave's allegations still establish accrual no later than October 20, 2021, when RingCentral allegedly disclosed a "fundamental limitation" that prevented delivery of the MSA's deliverable, resulting in AmeriSave promptly reverting to its prior telephony system. (Am. Countercl. ¶¶ 24–27.) Under California law, accrual occurs when a claimant suspects wrongdoing and harm – not when it later uncovers additional evidence or reframes its theory of liability. *See Jolly v Eli Lilly & Co.,* 44 Cal.3d 1103, 1109 (1988)*; and see, Rotella v. Wood*, 528 U.S. 549 (2000). Claimants "are charged with presumptive knowledge of an injury if they have information of circumstances to put them on inquiry or if they have the opportunity to obtain knowledge from sources open to their investigation" (*Bettles v. Toyota Motor Corporation*, 645 F.Supp.3d 978 (C.D. Cal. 2022)). Nothing in the Amended Counterclaim defers accrual.

In addition, AmeriSave's reliance on its 2023 discovery of "a history" of lawsuits[2] involving RingCentral, does not support delayed discovery because the alleged 2021 "fundamental limitation" disclosure set off a chain of events that led AmeriSave to incur costs when it promptly reverted to it prior, pre-MSA telephony system. That decision would serve as a basis for a reasonably prudent corporate entity bound to a multi-million dollar contract to inquire whether a cause of action exists since it no longer anticipates receiving the benefit of the terms of the MSA. It must also be noted that RingCentral is a large, publicly traded communications provider; the existence of unrelated customer disputes or lawsuits is neither surprising nor probative of fraud (or any other tort or contract claim). Furthermore, the Amended Counterclaim pleads no facts tying any such litigation to the AmeriSave implementation, no facts suggesting concealment, and no facts showing why AmeriSave—already aware of the alleged "fundamental limitation" in 2021—needed outside lawsuits to recognize the supposed wrongdoing.

California courts have emphasized that the discovery rule does not permit claimants to delay filing based on general suspicions or unrelated evidence. For example, in *Rustico v. Intuitive Surgical, Inc.*, the court clarified that a claimant need not be aware of all specific facts underlying their claims,

---

[2] AmeriSave repeatedly alleges an unspecified "pattern" or "history" of misconduct toward unidentified customers (Am. Counterclaim ¶¶ 31, 43, 54, 65). Importantly, Federal Rule of Evidence 404 generally prohibits the admission of character evidence to prove that a person acted in accordance with a particular character trait on a specific occasion.

but they must act upon a suspicion of wrongdoing and investigate further. (*Rustico v. Intuitive Surgical, Inc.*, 424 F.Supp.3d 720, 738 (N.D. Cal. 2019).)

Moreover, in *Clemens v. DaimlerChrysler Corp.*, the court held that plaintiffs must affirmatively excuse their failure to discover the fraud within the statutory period by demonstrating that they were not negligent and had no actual or presumptive knowledge of facts sufficient to put them on inquiry notice. (*Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1024 (9th Cir. 2008).) This standard reinforces the principle that the discovery rule is not intended to allow AmeriSave to rely on unrelated evidence or purported patterns of misconduct to justify delayed filings.

In its Amended Counterclaim, AmeriSave assigns is purported "delayed discovery" to information learned during formal pre-suit mediation (Am. Counterclaim ¶¶ 31, 43, 54, 65). But, the federal mediation privilege extends to communications in preparation for and during the course of a mediation with a neutral mediator. (*See, Folb v. Motion Picture Industry Pension & Health Plans*, 16 F.Supp.2d 1164 (C.D. Cal. 1998) (on a discovery motion, District Judge issues ruling concerning the scope of federal mediation privilege.) Mediation confidentiality under Cal. *Evid. Code* § 1119 and Fed. R. Evid. 408 bar reliance on mediation-related communications or settlement discussions to prove or disprove a claim. Mediation-derived "pattern of misconduct" allegations cannot: toll limitations nor establish a basis for civil liability.

Equitable tolling likewise does not apply. It is reserved for rare cases involving extraordinary circumstances beyond the party's control. (*Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).) AmeriSave alleges no such circumstances.

In sum, AmeriSave's allegations establish accrual no later than October 20, 2021, which placed AmeriSave on inquiry notice, especially since (in 2021) AmeriSave concluded it would no longer have the benefit of the pre-MSA representations that led it to enter the MSA, and based thereon, AmeriSave promptly reverted to its prior telephony system – in 2021, as alleged in the Counterclaim and Amended Counterclaim. (Am. Countercl. ¶¶ 24, 33–34.) AmeriSave's decision to respond to an October 2025 lawsuit with a November 2025 Counterclaim is time-barred. All claims are untimely and should be dismissed.

/ / /

### 1. Fraud-Based Claims Are Time-Barred.

California applies a three-year statute of limitations to fraud-based claims, running from when the claimant suspects wrongdoing and harm, not when all evidence is uncovered. *Code Civil Procedure* §338(d), *State of California ex rel. Metz v. CCC Information Services, Inc.*, 149 Cal.App.4th 402 (2007). As argued above (and, as presented in the original Counterclaim), AmeriSave's allegations (Am. Countercl. ¶¶ 24, 33–34.) establish inquiry notice no later than October 20, 2021 (the disclosure and immediate reversion). The counterclaim is time-barred.

### 2. Contract and Estoppel Claims Are Time-Barred.

Written-contract claims are subject to a four-year statute, and promissory estoppel claims to a two-year statute. *Code Civ. Proc.* §§337(a), 339(1). All accrued, at the latest, by October 2021 (Am. Countercl. ¶¶ 24, 33–34.), which is more than four years earlier than AmeriSave originally filed in November 2025. Both claims are time-barred.

### C. Failure to State a Claim Under Fed. R. Civ. P. 9(b) and 12(b)(6)

Even if AmeriSave's claims were timely, each fails independently. AmeriSave's fraud-based claims are not only time-barred, but, just as in the original, these claims fail to satisfy the heightened pleading requirements of Rule 9(b). The Amended Counterclaim is devoid of the requisite particularity and fails to allege any actionable misrepresentation, contemporaneous falsity, or plausible reliance.

### 1. Fed. R. Civ. P. Rule 9(b): The Amended Pleading Still Fails.

The Amended Counterclaim fails to plead fraud with particularity. AmeriSave alleges that RingCentral "represented" it could deliver a custom platform, but does not identify the specific content of any such statement, the individual who made it, or the circumstances under which it was made. These are precisely the deficiencies that Fed. R. Civ. P. 9(b) is designed to prevent. AmeriSave does not identify any specific false statement, who made it, when, or how it was false when made. Instead, it relies on generalized allegations that RingCentral "represented" it could deliver a custom platform, without specifying the content, context, or falsity of any statement, or that the [unidentified] speaker knew the statement was false when made.

Fed. R. Civ. P. 9(b) requires the "who, what, when, where, and how" of the alleged misrepresentation, including why the statement was false when made. *Vess v. Ciba Geigy Corp. USA*,

317 F.3d 1097, 1106, 1108 (9th Cir. 2003); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124–26 (9th Cir. 2009); *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643 (9th Cir. 2019). The Ninth Circuit consistently finds this particularity requirement is "a federally imposed rule" that applies "irrespective of whether the substantive law at issue is state or federal." (*Id.*; *and, Beasley,* 374 F.Supp.3d 869.)

The Amended Counterclaim identifies more RingCentral personnel but still pleads only generalized statements of capability and experience; it does not allege any specific pre-MSA statement[3] that was false when made nor does it identify presentation of allegations demonstrating contemporaneous knowledge of falsity, nor does it identify a speaker for any alleged misrepresentation; no date, time, or place for any alleged misrepresentation; no allegations demonstrating contemporaneous falsity or intent to defraud. This defeats concealment theory and undercuts scienter and reliance.

### 2. Structural Defect Still Exists.

Fed. R. Civ. P. 9(b) applies to both affirmative misrepresentations and claims based on omissions or nondisclosure (*Noll v. eBay, Inc*., 282 F.R.D. 462 (N.D. Cal. 2012)). The Ninth Circuit clarified that claims based on non-disclosure must also meet Fed. R. Civ. P. 9(b)'s heightened pleading standard (*Noll*, 282 F.R.D. 462).

Although AmeriSave now identifies additional RingCentral personnel by name, the Amended Counterclaim still fails to plead what specific statement(s) was false at the time it was made and that the false statement was made by someone who intended to mislead. Merely alleging that RingCentral executives represented "capability" or "experience" does not plead falsity, present knowledge, or contemporaneous intent to deceive. The requirement is "specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations'" (*NJOY, LLC v. Imiracle (HK) Ltd.,* 760 F.Supp.3d 1084 (S.D. Cal. 2024).) The standard demands that allegations be "specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong" (*Id.*).

---

[3] As to Mr. Serrano, at ¶¶ 28-29, AmeriSave describes an alleged December 2021 statement that – since it post-dates the MSA – could not serve as the basis for any cause of action pled.

The Amended Counterclaim relies on generalized statements that RingCentral "represented" it could deliver a custom cloud platform within two months (¶¶ 16–17), but it does not identify: (i) who said what; (ii) the precise content of each statement; (iii) when and where each statement was made; or (iv) how each was false when made. That is precisely what the prevailing case law prohibits.

### 3. The Alleged October 20 Disclosure Undermines Fraud Claims.

The only pleaded concrete statement tied to a specific date is not fraudulent at all. AmeriSave alleges that on October 20, 2021, RingCentral disclosed it "couldn't deliver calls at a pace necessary" due to a "fundamental limitation." (Am. Countercl. ¶ 24). But this is not a misrepresentation; it is a disclosure of limitation, followed by – as AmeriSave alleges, RingCentral's proposed alternatives to resolve the purported "fundamental limitation" including a phased deployment and continued engagement after that date. (Am. Countercl. ¶¶ 25–27) Each such allegation is inconsistent with the requisite demonstration of fraudulent intent.

Importantly, under California law, omission-based fraud requires a duty to disclose and plaintiff's ignorance of the fact; neither can stand where the fact is disclosed. *See* CACI 1901; *Wilson v. Hewlett Packard Co.*, 668 F.3d 1136, 1141–44 (9th Cir. 2012); *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1363–65 (2010). The alleged disclosure also negates reasonable reliance— particularly in light of the MSA's § J integration clause. (*See,* Section V, *infra*.) *And see Hinesley v. Oakshade Town Ctr.*, 135 Cal. App. 4th 289, 301–04 (2005). Further, since omission liability in these consumer style cases is carefully cabined, *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 862–66 (9th Cir. 2018) confirms there is no generalized duty to disclose in the absence of safety issues or affirmative deception—neither of which AmeriSave plausibly pleads. AmeriSave's allegations that it was aware of the system's limitations and RingCentral's inability to deliver by October 2021 preclude any plausible claim of justifiable reliance or concealment thereafter.

### 4. Fraud in the Inducement and Negligent Misrepresentation Fail to Meet the Federal Pleading Standards.

Fraud in the inducement and negligent misrepresentation sound in fraud and must meet Fed. R. Civ. P. 9(b). They do not.

/ / /

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AmeriSave's negligent misrepresentation and fraud in the inducement counts are premised on the same alleged pre-MSA sales representations about RingCentral's capabilities, intent, and performance timing (e.g., the ability to "create a custom, cloud based communication platform" and deliver it on a particular cadence). (Am. Countercl. ¶¶ 48–56 (Count II); ¶¶ 59–67 (Count III).) Under prevailing law, claims that sound in fraud—whether styled as negligence or fraud—must satisfy Fed. R. Civ. P. 9(b)'s heightened particularity requirement. See. e.g., *Parino v. BidRack, Inc*., 838 F.Supp.2d 900 (N.D. Cal. 2011) *and, Golden Gate Way, LLC v. Enercon Services, Inc.,* 572 F.Supp.3d 797 (N.D. Cal. 2021). The Northern District of California applies Fed. R. Civ. P. 9(b)'s heightened pleading standard to negligent misrepresentation claims because such claims "sound in fraud" under California law (*Errico v. Pacific Capital Bank, N.A*., 753 F.Supp.2d 1034 (N.D. Cal. 2010). In *Harvey v. Bank of America, N.A*., the Northern District dismissed negligent misrepresentation claims as "insufficiently pled" where the plaintiff failed to "clearly and consistently allege the content of the allegedly fraudulent promise or specify the instances when it occurred or why it was false" (*Harvey v. Bank of America, N.A*., 906 F.Supp.2d 982 (N.D. Cal. 2012)). The court required plaintiffs to "plead specifically what was promised and on what date, along with the other elements of the claims" (*Id*.)

As analyzed in sections III.C.1-3, *supra,* AmeriSave fails to meet the requisite specificity. The Amended Counterclaim does not identify the precise statements, by which speaker, on what date(s), in what medium, nor facts showing contemporaneous falsity or scienter. The counterclaims are insufficient as a matter of federal law.

### 5. Breach of Contract and Promissory Estoppel Are Unavailable

The contract and promissory estoppel claims are also deficient. AmeriSave fails to identify any specific contractual provision breached, or any clear and unambiguous promise outside of the MSA, generally. Instead, AmeriSave's contract count consists of conclusory assertions that RingCentral "failed to fulfill its obligations" (Am. Countercl. ¶¶ 70–73) under the MSA, that it had "no excuse" for doing so, and that AmeriSave 'never received' the promised system. None of these allegations identifies a specific contractual obligation or explains how it was breached. Nor does AmeriSave identify contract damages cognizable under the MSA as opposed to business decisions made after

/ / /

AmeriSave elected to abandon the implementation. Such threadbare recitals are insufficient under Fed. R. Civ. P. 8 as interpreted by *Twombly* and *Iqbal*.[4]

To state a contract claim, AmeriSave needed to allege the specific contractual provision(s) RingCentral breached, the conduct constituting the breach, and resulting damages that are cognizable under the MSA. AmeriSave's own chronology concedes: (i) Acceptance/Go Live steps in late August/September 2021; (ii) an October 20, 2021 disclosure of a system limitation; (iii) alternative proposals (including phased deployment); and (iv) AmeriSave's decision to revert to its prior system and terminate in January 2022. (Am. Countercl. ¶¶ 22–27, 33–34.) On these facts, the counterclaim does not allege that RingCentral failed to perform any concrete, promised obligation under the integrated MSA (including Attachments and Order Forms), as opposed to failing to meet evolving, extra-contractual preferences. Under controlling law, the Court may disregard conclusory breach allegations that contradict the controlling contract documents and the pleader's own admissions.

In *Pemberton v. Nationstar Mortgage LLC*, the court refused to accept conclusory allegations that contradicted the express terms of a promissory note, stating: "The Court is not required to accept this conclusory allegation which contradicts the Note's express terms and will not accept it to defeat dismissal" (*Pemberton v. Nationstar Mortgage LLC*, 331 F.Supp.3d 1018 (S.D. Cal. 2018).) The court cited *Steckman v. Hart Brewing Inc.*, 143 F.3d 1293 (9th Cir. 1998) for the proposition that courts are "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint" (*Id*.).

For promissory estoppel claims in the Northern District, plaintiffs must allege "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance" (*Granadino v. Wells Fargo Bank, N.A.*, 236 Cal.App.4th 411 (2015).

/ / /

---

[4] In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Supreme Court held that a complaint must plead enough factual matter to state a claim that is plausible on its face, not mere labels and conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), clarified that *Twombly's* plausibility standard derives from and applies to Fed. R. Civ. P. 8 and governs all civil actions.

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Importantly, promissory estoppel claims are generally unavailable where the parties have entered into a contract supported by consideration. In *JMP Securities LLP v. Altair Nanotechnologies Inc.*, the Northern District of California held that promissory estoppel was inapplicable where "the promises at issue in agreement had been supported by consideration, and allegations giving rise to advisor's promissory estoppel claim had been the same as those supporting its breach of contract claim" (*JMP Securities LLP v. Altair Nanotechnologies Inc.*, 880 F.Supp.2d 1029 (N.D. Cal. 2012).) There, the court explained that promissory estoppel is "not a doctrine designed to give a party to a negotiated commercial bargain a second bite at the apple in the event it fails to prove a breach of contract" (*Walker,* 728 F.2d 1215 (1984).) Here, AmeriSave alleges the parties were bound by a fully executed April 2021 MSA – a contract. The promissory estoppel claim fails.

### D. Economic Loss Rule Bars All Tort Claims.

AmeriSave's alleged damages are still purely economic and still arise solely from disappointed contractual expectations—i.e., "but for RingCentral's misrepresentations, AmeriSave would not have entered the MSA." (Am. Countercl. ¶¶ 45, 56, 66.) AmeriSave alleges it "never received a custom, cloud-based communication platform system from RingCentral, was forced to expend time and resources to help implement a system that would never work, and ultimately had to pay to move away from RingCentral's failed system." (Am. Countercl. ¶¶ 44, 55.) There is no other injury alleged.

Under California law, such claims sound in contract, not tort. AmeriSave's claims arise entirely from alleged disappointed contractual expectations and seek only economic damages. AmeriSave's allegations at Amended Counterclaim ¶¶ 45, 56, 66 concede AmeriSave's alleged harm is contract expectancy loss because it would not have signed the MSA absent the sales talk. (Am. Countercl. ¶¶ 45, 56, 66.) That is the definition of contractual expectancy loss – economic damages tied to disappointed contractual expectations, including costs allegedly incurred implementing or moving away from RingCentral's platform. Since AmeriSave alleges no injury independent of disappointed performance, all tort claims are barred under *Robinson Helicopter* and *Rattagan*.

Under *Robinson Helicopter* and *Rattagan*, the economic loss rule precludes tort recovery for purely economic losses resulting from a broken contractual promise unless the plaintiff alleges harm independent of the contract or conduct violating an independent duty. "Under California law, the

**MOTION TO DISMISS AMENDED COUNTERCLAIM**

economic loss rule precludes tort recovery for purely economic losses resulting from a broken contractual promise unless the plaintiff alleges harm independent of the contract or conduct violating an independent duty. (*Robinson Helicopter Co. v. Dana Corp*., 34 Cal. 4th 979, 988 (2004); *Rattagan v. Uber Techs., Inc*., 17 Cal. 5th 1, 13 (2024).) AmeriSave alleges neither. Under California law, such losses sound in contract thereby barring the fraud and negligent misrepresentation claims.

### E. The MSA's Integration Clause Bars Extra-Contractual Reliance

The MSA contains an express integration clause that supersedes all prior or contemporaneous "representations," "marketing materials," "statements," "agreements, whether oral [or] written." (*See,* Court Doc. 1-1; Request for Judicial Notice, Ex. A ("MSA § J").) AmeriSave's claims rest entirely on pre-contract sales demonstrations, capability pitches, and timing assurances – the precise "representations" and "marketing materials" the integration clause excludes.

Since AmeriSave does not seek rescission and instead sues for damages under the MSA while asking the Court to ignore the contract's integration clause. In so doing, AmeriSave relies on superseded alleged pre-contract statements. Where, as here, sophisticated parties agree that prior representations and marketing materials are superseded, reliance on those materials is unreasonable as a matter of law. *See Grey v. American Mgmt. Servs*., 204 Cal. App. 4th 803, 806–08 (2012) (later integrated contract's "entire agreement" clause superseded prior documents and limited obligations to those in the integrated writing) (applying Cal. *Code Civ. Proc*. § 1856; *Civ. Code* § 1625).

Contrary to §J, AmeriSave identified "representations," "demonstrations," and sales stage assurances as the basis of its claims:

• Sales stage capability representations: RingCentral "represented … it could create a custom, cloud based communication platform system for AmeriSave" to resolve call quality/scalability issues. (Am. Countercl. ¶¶ 16–17, 36, 48–49, 59–60.) This language is excluded by § J as a pre contract "representation" conveyed in sales demonstrations; it is not an obligation found in the MSA or its incorporated order forms/Statement of Work.

• Demos/Presentations as marketing materials: March 23 and April 2, 2021 demonstrations to AmeriSave executives are alleged as the vehicle for those representations. (Am.

///

Countercl. ¶¶ 14–17.) Demos presented by named sales executives are marketing materials and representations within § J's scope. (Id., ¶ 15.)

- Assurances about past experience (track record marketing): Representations that RingCentral had "successfully provided custom, cloud based platforms for third parties in the past." (Am. Countercl. ¶ 13.) These are pre-contract marketing claims/representations excluded by § J.

- Timing/delivery promises used to induce signature: "Promised timely delivery" and "knew it had no capacity to fulfill that promise." (Am. Countercl. ¶¶ 41, 51, 62.) Timing promises made during sales discussions are superseded unless memorialized in the integrated documents.

- Ongoing sales assurances during rollout (still extra contractual): Post signing but extra contractual assurances that RingCentral "continued to lull" AmeriSave that solutions were coming (Nov.–Dec. 2021 and into 2022) are likewise unintegrated "statements" that neither amend the MSA nor create separate tort duties; §J and the MSA's change-control/order-form framework foreclose reliance on such informal assurances. (Am. Countercl. ¶¶ 25–30.)

- Global Inducement Theme: "But for the misrepresentations, we would not have entered the MSA": In so stating, AmeriSave concedes its alleged harm is contract expectancy loss—it would not have signed the MSA absent the sales talk. (Am. Countercl. ¶¶ 45, 56, 66.) This confirms the reliance theory arises solely from pre MSA sales representations that § J makes nonactionable.

Section J of the MSA does not merely contain a generic merger clause—it expressly supersedes any "representations" and "marketing materials" and others. (MSA §J.) AmeriSave's allegations label the sales-stage statements as "representations" made in "demonstrations" – terms that mirror §J and underscores why the Court should treat them as non-operative. (Am. Countercl. ¶¶13-17, 36, 48-53, 59-64, 75-78.) Where a sophisticated commercial party like AmeriSave agrees that prior representations are replaced by the written agreement, reliance on those same representations is unreasonable as a matter of law. *See, Hinesley v. Oakshade Town Ctr.*, 135 Cal. App. 4th 289, 297, 301–04 (2005) (no reliance/"no oral representations" language weighed against justifiable reliance and supported summary judgment on fraud in the inducement); *Grey*, *supra,* at 806–08 (entire agreement clause controls obligations and supersedes prior materials).

/ / /

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Just as in *World Health & Education Foundation v. Carolina Casualty Insurance Co.*, where the Northern District of California held that since plaintiff sought coverage under an insurance policy rather than rescission, "the parol evidence at issue—alleged misrepresentations about coverage under the Policy—would not show that no binding contract was made, but rather would contradict the written terms of the integrated Policy", the same outcome applies here. (*See, World Health and Educ. Foundation v. Carolina Cas. Ins. Co.*, 612 F.Supp.2d 1089 (N.D. Cal. 2009). There, the court concluded that fraud and misrepresentation claims were barred by the policy's integration clause (*Id.*).

AmeriSave cannot plausibly claim reasonable reliance on pre-MSA sales communications that the parties expressly agreed was superseded by the written contract. For the same reason, promissory estoppel is unavailable where an integrated contract governs the subject matter, § J confirms the MSA is the exclusive repository of promises and obligations between the parties. *See Grey*, *supra,* 204 Cal. App. 4th at 806–08 (integration clause establishes the writing as the exclusive agreement); *cf. Julius Castle Restaurant, Inc. v. Payne*, 216 Cal. App. 4th 1423, 1442–45 (2013) (courts scrutinize reliance in light of the integrated writing).

## IV.    CONCLUSION

For these reasons, the Amended Counterclaim should be dismissed in its entirety, with prejudice. AmeriSave's own allegations fix accrual in October 2021, defeat delayed discovery, negate reliance and concealment, and confirm purely contractual loss governed by an integrated agreement. Since these defects arise from facts AmeriSave affirmatively pleads, amendment would be futile; the defects cannot be cured by further pleading.

DATED: February 10, 2026          **AKERMAN LLP**


By:  */s/ Kanika D. Corley*
     Kanika D. Corley
     Kristen H. McMullen
     Jamel A.R. Greer
     Attorneys for Plaintiff and Counter-Defendant
     RINGCENTRAL, INC.

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342